**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van M. Robinson; Polly R. Robinson,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BAC Home Loans Servicing, LP; et al.,<br><br>　　　　Defendants. | No. CV11-1920-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court are Defendants' Motion to Dismiss (Doc. 10) and Plaintiffs' Motion for a Rule 16 Conference (Doc. 12). The Court now rules on the motions.

**I.     BACKGROUND**

Plaintiffs Van and Polly Robinson refinanced their home loan in March of 2007. In connection with the refinance, they executed a Deed of Trust and a Promissory Note. The Promissory Note evidences a loan of $1,100,00 from On Q Financial Inc. (Doc. 1-1), which is secured by the property at 19684 North 96th Place, Scottsdale, Arizona 85255, as evidenced by the Deed of Trust (Id.).

Plaintiffs claim that they are now "underwater" on their home loan and owe more than the property is worth. Plaintiffs further allege that because of the economy they have not been able to make their mortgage payments. Despite acknowledging their failure to pay, Plaintiffs seek to prevent Defendants from foreclosing on their home.

Plaintiffs filed their current case in Arizona state court on September 2, 2011.

Plaintiffs' Complaint denominates three separate causes of action for declaratory relief, injunctive relief, and "false recordations." Plaintiffs also make many of the arguments typically seen in mortgage foreclosure litigation.

Defendants removed to this Court on September 29, 2011. (Doc. 1.) They filed their Motion to Dismiss on October 24, 2011. (Doc. 10.) They argue pursuant to Federal Rule of Civil Procedure 12(b)(6) that Plaintiffs have failed to state a claim.

## II. LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS AND CONCLUSION

#### A. First Cause of Action for Declaratory Relief

Plaintiffs first cause of action for declaratory relief lists different provisions of the Arizona Uniform Declaratory Judgments Act. This claim seems to indicate that Plaintiffs would like the Court to make declarations regarding the validity and rights accorded by the contracts to which Plaintiffs are a party.

The only contracts to which Plaintiffs are a party are the Deed of Trust and the Promissory Note. But Plaintiffs do not argue that either of these contracts is void. Nor do Plaintiffs deny that they are in default of those contracts.

In reviewing the items that Plaintiffs seek the Court to declare, the Court finds that the requested declarations rely on unsupportable legal arguments. Plaintiffs make holder in due course arguments and standing arguments that this Court previously has rejected. The Court

- 3 -

1 cannot make declarations based on invalid and rejected legal theories. *In re MERS Litig.*, 744 F.Supp.2d 1018, 1032 (D. Ariz. 2010)(When all other claims are dismissed, declaratory or injunctive relief that is premised on those claims likewise must fail); *see also Reader v. BAC Home Loan Servicing LP*, 2012 WL 125977 *4 (D. Ariz. January 17, 2012)("Finally, plaintiff seeks declaratory relief under A.R.S. §12-1831, but her requested declarations hinge on meritless theories."). The Court therefore finds that Plaintiffs fail to state a claim in their first cause of action.

### B. Second Cause of Action for Injunctive Relief

A request for injunctive relief is not a separate cause of action, but is a request for equitable relief. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 181 P.3d 219, 234 (Ariz. Ct. App. 2008). Plaintiffs did not file a separate motion seeking a preliminary injunction, so the Court does not need to address the factors weighed in ruling on a motion for preliminary injunction. Because their second cause of action is not really a cause of action at all, but a request for relief, the Court finds that Plaintiffs have failed to state a claim in their second cause of action.

### C. Third Cause of Action for False Recordations

In their third cause of action, Plaintiffs attempt to state a claim under ARS §33-420 regarding the Assignment, Substitution of Trustee, and Notice of Sale. But none of those documents is a document purporting to create an interest in real property, as is required to state a claim under §33-420. *Schayes v. Orion Fin. Group, Inc.*, 2011 WL 3156303 *6 (D. Ariz. July 27, 2011). Also, to the extent this cause of action attempts to argue that MERS cannot act as a beneficiary under a Deed of Trust or is somehow a fraudulent straw man, this Court has rejected those arguments. *See e.g., Blau v. America's Servicing Co.*, 2009 WL 3174823 *7-8 (D. Ariz. September 29, 2009); *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160 *10-11 (D. Ariz. September 24, 2009). The Court therefore finds that the Plaintiffs have failed to state a claim in their third cause of action.

### D. Miscellaneous Arguments

Plaintiffs make several arguments in the body of their Complaint that they do not allege as separate causes of action. As noted above, Plaintiffs argue that MERS cannot act as a valid beneficiary of the Deed of Trust and therefore cannot assign any interests. This Court repeatedly has rejected arguments regarding the validity of MERS and its ability to act as beneficiary and nominee. *See, e.g., Warren v. Sierra Pac. Mortg. Servs. Inc.*, 2011 WL 1526957 *5 (D. Ariz. April 22, 2011).

Plaintiffs also argue that none of the Defendants is a holder in due course entitled to enforce the promissory note. But Plaintiffs are not attempting to enjoin enforcement of the note, they are attempting to enjoin a trustee sale of their home. A trustee sale is conducted pursuant to the authority granted by a borrower in the deed of trust. And a deed of trust is not a negotiable instrument covered by Arizona's Uniform Commercial Code. *Hogan v. Washington Mut. Bank, N.A.*, 261 P.3d 445, 449; *see also Bridgeman v. CitiMortgage Inc.*, 2011 WL 3880829 *2 (D. Ariz. September 2, 2011)(distinguishing *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011), which applied Illinois law and concerned issues of standing to assert proofs of claim in a bankruptcy proceeding)). A non-judicial foreclosure of a deed of trust in Arizona therefore does not need to comply with the UCC. *Hogan*, 261 P.3d at 448-49; *see also Kuc v. Bank of Am.*, 2012 WL 1268126 *2 (D. Ariz. April 16, 2012)("But in Arizona, neither the presentation of the original Note nor proof that a party is entitled to enforce an instrument is needed to conduct a non-judicial foreclosure.")(citing *Deissner v. Mortg. Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187-88 (D. Ariz. 2009)).

Plaintiffs also make standing and "real party in interest" arguments. They claim that Defendants do not have standing to conduct a foreclosure sale and are not the real parties in interest. But standing and real party in interest requirements do not apply to non-judicial proceedings like a trustee sale. *Pitre v. BANA CWB CIG HFI 1st Liens*, 2011 WL 6153651 *5 (D. Ariz. December 12, 2011); *AOM Group v. Wachovia Mortg.*, 2010 WL 3190677 *3 (D. Ariz. August 12, 2010)("Plaintiff also asserts that defendants lack standing and are not the real parties in interest. But, as defendants point out, these requirements apply to a

- 5 -

1 plaintiff who invokes the judicial process and not to a defendant.").

2 Plaintiffs further argue that the Promissory Note and Deed of Trust were
3 impermissibly separated when the Note was transferred through MERS and securitized. This
4 Court repeatedly has rejected all variations of the splitting of the note and deed argument.
5 *See, e.g., Graham-Miller v. Nationstar Mortg. LLC*, 2012 WL 404613 *3 (D. Ariz. February
6 8, 2012); *Gullion v. Tiffany & Bosco P.A.*, 2012 WL 260040 *3 (D. Ariz. January 30,
7 2012)(rejecting Plaintiff's argument that the defendant could not foreclose because the note
8 was separated from the deed of trust when it was securitized)(citing *Cervantes v.*
9 *Countrywide Home Loans Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011)("Even if we were to
10 accept the plaintiffs' premises that . . . the note is split from the deed, we would reject the
11 plaintiffs' conclusion that, as a necessary consequence, no party has the power to
12 foreclose.")).

13 Finally, Plaintiffs' allegations regarding the Pooling and Servicing Agreement must
14 fail. Plaintiffs are not parties to the Pooling and Servicing Agreement, nor are they third
15 party beneficiaries of that Agreement. They therefore cannot bring a claim based on the
16 Pooling and Servicing Agreement. *Kentera v. Fremont Inv. and Loan*, 2012 WL 1132760
17 *4 (D. Ariz. April 4, 2012)(rejecting a claim based on a Pooling and Servicing Agreement
18 because the plaintiffs were not a party to that agreement); *Schultz v. BAC Home Loans*
19 *Servicing, LP*, 2011 WL 3684481 *2 (D. Ariz. August 23, 2011)(same).

20 Plaintiffs have failed to articulate a single, legally supported claim for relief. Because
21 all of their attempted legal theories fail as a matter of law, the Court cannot give them
22 declaratory or injunctive relief. The Court therefore will grant Defendants' Motion to
23 Dismiss.

24 Plaintiffs have not sought leave to amend their Complaint. Nonetheless, the Court
25 normally should not grant a motion to dismiss for failure to state a claim without giving leave
26 to amend, even if leave to amend is not requested. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
27 Cir. 2000). But the Court need not grant leave to amend if amendment would be futile.
28 *Cervantes*, 656 F.3d at 1043. Plaintiffs' Complaint contains numerous mortgage foreclosure

1 arguments that have been rejected time and time again for failure to state a claim. The
2 allegation of additional facts in support of these theories could not possibly save the theories.
3 Because amendment would be futile, the Court will grant the motion to dismiss with
4 prejudice and without leave to amend. *Lopez*, 203 F.3d at 1127 (stating that courts do not
5 have to grant leave to amend if the complaint could not possibly be cured by the allegation
6 of other facts).

7 Accordingly,

8 **IT IS ORDERED** Granting Defendants' Motion to Dismiss (Doc. 10).

9 **IT IS FURTHER ORDERED** Denying as moot Plaintiffs' Motion for a Rule 16
10 Conference (Doc. 12).

11 DATED this 1st day of May, 2012.

_____
James A. Teilborg
United States District Judge